IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**VERNE BOGER**,

                           Plaintiff,                      Civil Case No. 08-124-KI

      vs.

                                              OPINION AND ORDER

**MICHAEL J. ASTRUE**,
Commissioner of Social Security,

                         Defendant.


       Merrill Schneider
       P. O. Box 16310
       Portland, Oregon  97292

       Linda Ziskin
       P. O. Box 2237
       Lake Oswego, Oregon  97035

            Attorneys for Plaintiff

Kent S. Robinson
Acting United States Attorney
District of Oregon

Adrian L. Brown
U.S. Attorney's Office
1000 SW Third Avenue, Suite 600
Portland , Oregon  97204

David M. Blume
Leisa A. Wolf
Social Security Administration
Office of General Counsel
701 Fifth Avenue, Suite 2900, M/S 901
Seattle , WA 98104-7075

       Attorneys for Defendant


KING, Judge:


Plaintiff Verne Boger successfully brought an action pursuant to 42 U.S.C. § 405(g) of the

Social Security Act to obtain judicial review of a decision of an Administrative Law Judge ("ALJ")

denying his application for disability insurance benefits ("DIB").  Plaintiff's attorney seeks attorney

fees in the amount of $12,168.70 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C.

§ 2412.

## BACKGROUND

Boger filed an application for DIB on September 23, 1997, alleging disability beginning

February 22, 1986.  On April 19, 1999, the ALJ issued a decision finding that Boger was not

disabled within the meaning of the Act and therefore not entitled to benefits.


Page 2 - OPINION AND ORDER

Plaintiff appealed the denial to the United States District Court for the District of Oregon, on October 24, 2001.  On February 6, 2003, the Honorable Ancer Haggerty reversed and remanded for further proceedings.  Judge Haggerty noted that the relevant period was October 30, 1987, the date of the denial of Boger's first application for DIB, through December 31, 1991, Boger's date last insured.  Judge Haggerty found that Boger had met his burden to proceed beyond step two of the sequential evaluation process.  He commented that both parties have a duty to complete the record.

The ALJ held a subsequent hearing on August 31, 2005.  On November 18, 2005, the ALJ issued a decision finding that plaintiff was not disabled and not entitled to benefits.  Boger appealed that decision.  I found the ALJ failed to properly address the opinions of Boger's doctors.  Since Boger filed his claim almost twelve years earlier, I concluded it was not fair or efficient to allow the Commissioner a third chance to correct his decision.  Since further administrative proceedings would serve no purpose, I concluded that the case should be reversed and remanded for a finding of disability.

## LEGAL STANDARDS

The Equal Access to Justice Act ("EAJA") provides that the court shall award attorney fees and expenses to a prevailing party in any civil action brought by or against the United States unless the court finds that the government's position was substantially justified or that special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).

The court must first determine the "lodestar" amount by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate.  Widrig v. Apfel, 140 F.3d 1207, 1209 (9th Cir. 1998) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  Courts are then to exclude hours that were not "reasonably expended."  Hensley, 461 U.S. at 434; 28 U.S.C.

§ 2412(d)(2)(A).   Courts use the factors set forth in Hensley to assess the reasonableness of the fee

request.   INS v. Jean, 496 U.S. 154, 161 (1990) (although Hensley was a § 1988 action, same

analysis applicable to EAJA).   The attorney seeking fees bears the burden of supporting his request.

Hensley, 461 U.S. at 424.

## DISCUSSION

Plaintiff's attorney seeks fees of $12,168.70 for 71.1 hours spent on the case at bar.   In this

amount of time, plaintiff's attorney met with her client, prepared the complaint, read the transcript

and outlined the ALJ's decision, wrote the opening and reply briefs, and dealt with issues raised by

this court's Opinion regarding the need for clarification.   She does not seek reimbursement for her

time in filing a lengthy reply brief responding to the Commissioner's objections.

The Commissioner does not make any argument on the "substantially justified" prong.

Instead, he objects to the fee petition on the basis that the amount requested is unreasonable.

Specifically, the Commissioner argues that the typical social security case should take

approximately 20 to 40 hours, that no new or difficult issues were presented by the case, and that

the transcript was only a little over 500 pages.   Additionally, the Commissioner is concerned about

the block billing for the hours spent reading the transcript and drafting the opening brief–totaling

48.80 hours.   Finally, the Commissioner contends plaintiff's attorney requests payment for

undertaking clerical-type tasks, such as "prepar[ing] paperwork, fil[ing] Complaint" and

"prepar[ing] timesheet."  Ziskin Decl. Ex. 1.  The Commissioner suggests 40.20 hours is a

reasonable request.

Contrary to the Commissioner's argument, I do not believe in reducing a fee request to fall

within a predetermined range, thought to represent the amount of hours required for a routine case.

Page 4 - OPINION AND ORDER

Instead, it is necessary to evaluate each individual case to determine whether the fees were "reasonable."

I do note that block billing, which bundles tasks in a block of time, makes it extremely difficult for a court to evaluate the reasonableness of the number of hours expended. <u>Role Models Am., Inc. v. Brownlee</u>, 353 F.3d 962, 971 (D.C. Cir. 2004). A court may reduce the requested fee to a reasonable amount in the event an attorney utilizes block billing. <u>Fischer v. SJB-P.D., Inc.</u>, 214 F.3d 1115, 1121 (9th Cir. 2000).

Plaintiff's attorney contends that she did not use block billing. I agree that she has not grouped multiple tasks in a block of time, which is traditionally understood to be block billing, but plaintiff's time sheet is not specific enough for me to identify whether the time she spent on each task was reasonable. <u>See</u> <u>Hells Canyon Pres. Council v. U.S. Forest Serv.</u>, No. CV-00-755-HU, 2004 WL 1853134 (D. Or. Aug. 18, 2004) ("block billing entry of three or more hours, containing four or more tasks, prevent the court from assessing the reasonable number of hours spent on a given task" and will be disallowed).

For ease, I have set forth the portion of the timesheet, exactly as it appears in plaintiff's attorney's declaration, that I find problematic:

| Date | Activity | Time |
|------|----------|------|
| 2/5/09 | begin opening brief; set up procedural history, begin summ hearing testimony | 6.8 1 |
| 2/6/09 | continue opening brief; finish summarizing hearing testimony begin summ medical facts | 6.5 2 |
| 2/7/09 | continue opening brief; research, finish medical facts | 4 3.5 6.1 |

| 2/8/09 | finish stmt of facts;<br>draft args,<br>research | 4.2<br>2<br>1 |
|--------|---------------------------------------------------|---------------|
| 2/9/09 | finish opening brief;<br>edit, finalize, file      | 4<br>1.2      |

Plaintiff's attorney's description of the 6.8 hours she spent "begin[ning] opening brief; set[ting] up procedural history" does not inform me as to what beginning the opening brief entailed. If she spent 6.8 hours setting out the procedural history of the case, although admittedly more complicated than the routine case, that amount would exceed a reasonable expenditure of time. Similarly, I do not know what "continue opening brief" means. If she means she spent 6.5 hours finishing her summarization of the hearing testimony, that is not a reasonable expenditure of time when she has already spent–and billed separately–7.5 hours reading the transcript and outlining the ALJ's decision. I do not know what plaintiff's attorney was doing during the 4 hours she spent "continu[ing] opening brief" and "finish[ing] opening brief." These tasks appear to be separate from the editing and finalizing of the brief, separate from the time she spent drafting the procedural history, summarizing the hearing testimony and medical facts, and separate from the time she spent drafting the arguments, but I do not know what those tasks entailed.

I agree with plaintiff that the case was not routine–it was old, involved a medical history going back fifteen or so years, involved the review of a reversal and remand from Judge Haggerty, and the transcript contained more than 1,000 pages. As a result, the 7.5 hours she spent reviewing the transcript and outlining the ALJ decision was entirely appropriate. I do note, however, that I resolved the case, in part, on an argument not raised by plaintiff's counsel.

Page 6 - OPINION AND ORDER

Furthermore, I agree with the Commissioner, in part, that plaintiff's attorney is requesting reimbursement for undertaking clerical work. See Black v. Astrue, No. CV 08-539-KI (D. Or. June 16, 2009) (filing complaint is clerical task). However, I cannot accurately excise the clerical time because the timesheet is not specific enough. Plaintiff's attorney seeks reimbursement for 1.5 hours for "meet[ing] with client, prepar[ing] paperwork, fil[ing] Complaint" and .6 hours for "prepar[ing] timesheet." Time to meet with her client and draft the complaint is not clerical and is recoverable, but filing the complaint is a clerical task. I eliminate .5 hours. I disagree with the Commissioner that time to prepare the timesheet is clerical. See id. (could recover .5 hours for preparation of EAJA application and timesheet).

Plaintiff's attorney's fee request may be reasonable, but I am unable to judge that on the basis of her documentation. As I noted above, I eliminate .5 hours she spent filing the complaint, and, because the 42.3 hours she expended on the opening brief appear to me to be somewhat excessive and without substantiation, I reduce those hours to 30. Accordingly, I award fees based on a total of 50.8 hours.[1]


///




///



---

[1]1.1 hours is at the 2008 EAJA fee of $172.85 an hour and 49.7 hours at the 2009 EAJA fee rate of $171.11.

**CONCLUSION**

For the foregoing reasons, plaintiff's Motion for EAJA Fees and Costs (#43) is granted in part and denied in part.  Plaintiff's attorney is entitled to an award of $8,694.30 for attorney fees.

IT IS SO ORDERED.

Dated this _____4th_____ day of January, 2010.


   /s/ Garr M. King_____
Garr M. King
United States District Judge