IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**VERNE BOGER**,                                    Civil Case No. 08-124-KI

            Plaintiff,

                                    OPINION AND ORDER ON MOTION TO
    vs.                                     ALTER OR AMEND JUDGMENT

**MICHAEL J. ASTRUE**, Commissioner
Social Security Administration,

            Defendant.


    Merrill Schneider
    P. O. Box 16310
    Portland, Oregon  97292

    Linda Ziskin
    P. O. Box 2237
    Lake Oswego, Oregon  97035

          Attorneys for Plaintiff

Dwight Holton
United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204-2902

Leisa A. Wolf
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington  98104-7075

       Attorneys for Defendant

KING, Judge:

Plaintiff Verne Boger successfully brought an action pursuant to 42 U.S.C. § 405(g) of the Social Security Act to obtain judicial review of a decision of an Administrative Law Judge ("ALJ") denying his application for disability insurance benefits ("DIB").  Plaintiff's attorney sought attorney fees in the amount of $12,168.70 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  I granted the motion in part and awarded $8,694.30.  Before the court is plaintiff's Motion to Alter or Amend Judgment (#54) and Motion for Leave to File Two Minutes Late (#57).

## BACKGROUND

In an Opinion and Order filed January 4, 2010, I granted plaintiff's counsel's request for EAJA fees.  However, because I could not properly evaluate whether the time plaintiff's counsel spent was reasonable, and the time as documented was unreasonable, I awarded fees for 50.8 hours, rather than the 71.1 hours she requested.  I noted that plaintiff's counsel spent 42.3 hours

Page 2 - OPINION AND ORDER ON MOTION TO ALTER OR AMEND JUDGMENT

on the opening brief alone; I deemed this to be an unreasonable expenditure of time looking at the tasks as documented by counsel. Instead, I awarded fees for 30 of those hours. I also eliminated .5 hours for the time counsel spent filing the complaint, which is an unrecoverable clerical task.

**DISCUSSION**

I.    <u>Whether the Court has Authority to Accept Plaintiff's Untimely Motion</u>

Defendant contends that I should not consider plaintiff's motion as it was not timely filed.

Plaintiff electronically filed the pending motion three minutes after it was due. The Opinion and Order addressing plaintiff's counsel's request for fees under EAJA was filed on January 4, 2010. Pursuant to Federal Rule of Civil Procedure 59(e), a motion to alter or amend a judgment must be filed "no later than 28 days after the entry of the judgment." A "judgment" under Rule 59(e) "includes . . . any order from which an appeal lies." Fed. R. Civ. P. 54(a). Accordingly, plaintiff's motion was due February 1, 2010. Furthermore, under the local rules, "[t]he filing deadline for any document is 11:59 pm (Pacific Time) on the day the document is required to be filed." Local Rule 5-1(e). Plaintiff filed the motion at 12:02 am on February 2. Accordingly, the motion was three minutes late.

Plaintiff's counsel explains that her "computer crashed at a most inopportune time, and by the time she could get the document back, and convert it to PDF, the midnight hour of the deadline date had just passed." Pl. Mem. in Supp. of Leave to File Mot. 2 Minutes Late at 1-2.

As I noted in a minute order on January 14, 2010, the court is precluded from extending the time to file a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 6(b)(2). In that minute order, I denied plaintiff's motion for extension of time, but noted that

Page 3 - OPINION AND ORDER ON MOTION TO ALTER OR AMEND JUDGMENT

pursuant to the newly amended Federal Rule of Civil Procedure 59(e), plaintiff had "28 days after the entry of the judgment" to file the motion. Despite this information, plaintiff failed to file her motion on or before the 28 days had run.

Plaintiff presents no authority supporting the notion that I can consider the untimely motion and I have found none. I note that the motion was only three minutes late, was tardy due to a computer malfunction, and the delay did not prejudice defendant. Nevertheless, "[t]he district court has no discretion to consider a late rule 59(e) motion." Carter v. United States, 973 F.2d 1479, 1488 (9th Cir. 1992).

II.    Whether the EAJA Order Should be Amended

Some courts have considered an untimely Rule 59(e) motion as a Rule 60(b) motion. Allender v. Raytheon Aircraft Co., 439 F.3d 1236, 1241-42 (10th Cir. 2006).[1] Accordingly, I evaluate the motion pursuant to the Rule 60(b) standard.

Pursuant to Rule 60(b), the court may reconsider a judgment based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or reversed judgment; or (6) "any other reason that justifies relief."

Plaintiff presents none of these circumstances. Plaintiff argues that my Order on EAJA fees requires more specificity than has ever been required before. In support of her argument, plaintiff's counsel relies on a stipulated fee motion in which she requested compensation for 22.5 hours she spent on an opening brief. In that case, plaintiff's counsel described the tasks in a similar fashion as in the case at bar, but counsel requested nearly half the hours. For example,

---

[1]See also Herron v. Wells Fargo Financial, Inc., CV-05-659-ST, 2006 WL 3803398 (D. Or. Oct. 19, 2006), aff'd, 299 Fed. Appx. 713 (9th Cir. 2008).

Page 4 - OPINION AND ORDER ON MOTION TO ALTER OR AMEND JUDGMENT

the court and defense counsel were obviously satisfied that the 2.5 hours counsel spent "begin[ning] writing opening brief; summ hearing testimony" was reasonable.

In contrast, counsel spent 7.5 hours summarizing the hearing testimony in this case, unless there was something more to the task captured in counsel's description "continue opening brief" that counsel did not explain in her timesheet.  See Opinion and Order at 5.  Furthermore, counsel expended this time after spending 6.8 hours "set[ting] up [the] procedural history," which accounted for two paragraphs in the opening brief.  Spending 14.3 hours on these tasks is unreasonable, especially "when [counsel] has already spent–and billed separately–7.5 hours reading the transcript and outlining the ALJ's decision," as I noted in the Opinion and Order.  Id. at 6.  In short, the fee request included hours that seemed "excessive, redundant, or otherwise unnecessary" based on the documentation provided by counsel, and I reduced the hours accordingly.  See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

Finally, plaintiff's counsel submits a request for the 25.3 hours she spent on her reply in support of her motion for EAJA fees.  Defendant simply states that the request is unreasonable and points out that plaintiff seeks reimbursement for some time she spent the day after she filed her reply brief.

Plaintiff ultimately prevailed in this "fees on fees" litigation and I found counsel's reply brief to be lengthy, thorough, and well-researched.[2]  She spent 12.7 hours on 12/8/10 reading and annotating defendant's brief, checking cases cited by defendant, researching and drafting arguments and 8.4 hours on 12/9/09 writing and researching the reply brief.  Although the total

---

[2]Counsel may seek these fees under the "relation back" theory presented in Scarborough v. Principi, 541 U.S. 401, 417-18 (2004).

Page 5 - OPINION AND ORDER ON MOTION TO ALTER OR AMEND JUDGMENT

seems to be somewhat excessive, counsel has provided a detailed timesheet to support her request.

Defendant is correct, however, that counsel spent 3.5 hours on 12/10/09 purportedly writing her reply brief, when she had already filed the brief on 12/9/09.[3]  No doubt this is simply a clerical error, but counsel had an opportunity to explain the discrepancy and failed to do so. Accordingly, I excise the 3.5 hours billed on 12/10/09.

I award 21.8 hours for plaintiff's reply in support of the EAJA petition, or $3,768.13, in addition to the $8,694.30 previously awarded.  Plaintiff is entitled to a total EAJA award of $12,462.43.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion for Leave To File Motion 2 Minutes Late (#57) is granted.  The Motion to Alter or Amend Judgment under Rule 59(e) (#54) is construed as a Motion for Relief from a Judgment or Order under Rule 60(b).  The motion is denied except to the extent that plaintiff is entitled to EAJA fees for the time spent on the reply in support of plaintiff's EAJA petition in the amount of $3,768.13, resulting in a total EAJA award of $12,462.43.

IT IS SO ORDERED.

Dated this _____9th_____ day of March, 2010.


_____/s/ Garr M. King_____
Garr M. King
United States District Judge

---

[3]Counsel also spent 0.4 hours preparing her timesheet from time records she kept while writing the brief.  This is an acceptable expenditure of time, even after the reply brief had been submitted.